IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEVORIUS PARKER,<br><br>                    Plaintiff<br><br>    VS.<br><br>DENNIS BROWN, *et al.*,<br><br>                    Defendants | NO.  5:08-CV-222 (CAR)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

# RECOMMENDATION

Before the court is the defendants' **MOTION TO DISMISS**. Tab #9. Plaintiff DEVORIUS PARKER has filed a RESPONSE to the aforesaid motion. Tab #11; defendants have filed a REPLY to plaintiff Parker's RESPONSE.  Tab #12.

### FACTUAL BACKGROUND

Plaintiff Devorius Parker, an inmate at Scott State Prison, filed the above-captioned lawsuit pursuant to 42 U.S.C.§1983. Plaintiff Parker's COMPLAINT alleges that the defendants have repeatedly violated his First and Fourteenth Amendment rights by prohibiting him from growing his hair and beard in accordance with his Rastafarian religious beliefs. Tab #1. Plaintiff asserts that he fully grieved this violation but that his grievance was denied on the basis of prison security. He seeks an injunction requiring the defendants to stop violating the First and Fourteenth Amendments, as well as $50,000 in monetary damages.

**LEGAL STANDARDS**

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations — on their face — show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

**DISCUSSION**

In their brief in support of their **MOTION TO DISMISS**, the defendants contend that plaintiff Parker has failed to sufficiently allege First and Fourteenth Amendment violations under 42 U.S.C. § 1983. The undersigned agrees. In order to establish a § 1983 violation, a plaintiff must show that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988). The defendants have admitted that they were acting under color of law as employees of the GDC for the purposes of this action. Therefore, the remaining question is whether plaintiff Parker has sufficiently alleged that these defendants deprived him of a constitutional right.

To evaluate this remaining question, the undersigned notes that the plaintiff's chief complaint involves his First Amendment rights to free exercise of religion. This Amendment, made applicable to the states through the Fourteenth Amendment, provides in pertinent part that Congress shall make no law prohibiting the free exercise of religion. U.S.C.A. Const. Amend. 1; *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 124 S.Ct. 2301, 2307 n. 4, 159 L.Ed.2d 98 (2004). It should be noted, however, that while prisoners retain First Amendment rights, including rights under the free exercise of religion clause, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282 (1987).

With regard to the plaintiff Parker's specific complaint, the Eleventh Circuit has consistently held that prison regulations restricting the length of an inmate's hair and prohibiting beards do not violate an inmate's First Amendment right to freedom of religion. *See Brunskill v. Boyd*, 141 Fed. Appx. 771, 2005 WL 1208632 (C.A.11 (Fla.)), *Harris v. Chapman*, 97 F.3d 499, 503 (11th Cir. 1996) (upholding a prison hair length rule against a First Amendment challenge, as well as against a more strict Religious Freedom Restoration Act challenge, because prison security is a compelling interest); *Solomon v. Zant*, 888 F.2d 1579, 1582 (11th Cir. 1989) (upholding a no beard policy because the regulation was justified by security concerns); *Martinelli*, 817 F.2d at 1506 (upholding a hair length and shaving regulation against a challenge asserting that it violated the plaintiff's religion as a Greek Orthodox after concluding that the regulation was rationally related to substantial government interests, including prison security); *Shabazz v. Barnauskas*, 790 F.2d 1536, 1538 (11th Cir. 1986) (holding that a prison regulation prohibiting beards, challenged by the plaintiff as violating his Islamic faith, was constitutional because the regulation served the legitimate interest of preventing escape). In light of the above enumerated precedents, it is clear that plaintiff Parker has failed to state a First Amendment violation based on the defendant's enforcement of the subject grooming regulation. Accordingly, IT IS RECOMMENDED that the defendants' **MOTION TO DISMISS** be **GRANTED**.

Also pending before the court is plaintiff Parker's **MOTION FOR A PRELIMINARY INUNCTION**. Tab #15. Because it is evident that there is not a substantial likelihood that he will succeed on the merits, IT IS RECOMMENDED that his **MOTION FOR A PRELIMINARY INJUNCTION** also be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to the foregoing RECOMMENDATIONS with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 11th day of DECEMBER, 2008.



                                           CLAUDE W. HICKS, JR.
                                           UNITED STATES MAGISTRATE JUDGE